UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PLYMOUTH COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant;<br><br>UNITED STATES OF AMERICA,<br><br>Interested Party. | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1442(a)(1), the United States of America respectfully files this Notice of Removal of the above-captioned civil action from Suffolk Superior Court to the United States District Court for the District of Massachusetts.

## I. BACKGROUND

### A. Legal Background and the Intergovernmental Services Agreement

1. The Department of Homeland Security ("DHS") was created by the passage of the Homeland Security Act of 2002. Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2205 (2002). DHS is an executive department of the United States, 6 U.S.C. § 111(a), and includes component agencies U.S. Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP"). Homeland Security Act of 2002, 116 Stat. 2135; 6 U.S.C. § 252; *Burgess v. O'Malley*, No. 23-cv-11805-

ADB, 2024 WL 4123650, at *5 (D. Mass. Sept. 9, 2024) (explaining Homeland Security Act and DHS).

2. The Plymouth County Sheriff's Office ("Sheriff") operates the Plymouth County Correctional Facility ("PCCF") which is designed to hold more than 1,200 inmates, including county, state, and federal prisoners. On September 25, 2024, DHS, ICE, and PCCF entered into an Intergovernmental Service Agreement ("IGSA") "for the detention and care of detainees (also referred to as 'noncitizens' and 'detained noncitizens')." *See* ACLU Complaint ("Compl."), at Exhibit A, attached hereto.

3. Among other things, the IGSA defines what constitutes a "Federal record," to include DHS or ICE records, provides for records management obligations, and applies to "records created, received, or maintained by a service provider pursuant to their ICE agreement." *See* Compl., at Exhibit A, Article 8. Information obtained by PCCF as a service provider is governed by the IGSA and the information remains "under the control of ICE and is subject to public disclosure only pursuant to the provisions of applicable federal laws (such as the FOIA[1]), regulations, and Executive Orders or as ordered by a Court." *See* Compl., at Exhibit A, Article 20. As relevant here, the IGSA specifically provides that PCCF "is prohibited from disclosing any information related to detainees pursuant to 8 C.F.R. § 236.6." *Id.*

4. 8 C.F.R. § 236.6 provides:

> No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of the Service and shall be

[1] Freedom of Information Act.

> subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders. Insofar as any documents or other records contain such information, such documents shall not be public records. This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002.

**B. The State Court Action**

5. On February 13, 2026, the American Civil Liberties Union of Massachusetts, Inc. ("ACLU") filed a Complaint against the Sheriff seeking twelve categories of records that include records governed by the IGSA, such as records relating to the provision of medical care for immigration detainees. *See* Compl., at ¶ 3. The Sheriff refused to produce the records, invoking 8 C.F.R. § 236.6. *Id.*, ¶¶ 4–6. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint is attached hereto.

6. On August 11, 2026, the Suffolk Superior Court issued a Memorandum of Decision and Order denying the Sheriff's motion to dismiss the Complaint and requiring production of ICE detainee records. *See* Mem. And Order, attached hereto. The court held that disclosure of ICE detainee records was required under the Commonwealth's public records law, Mass. Gen. Laws ch. 66, § 10, and that redacting detainees' identifying information satisfied the requirements of 8 C.F.R. § 236.6. *Id.*, at 7.

## II. GROUNDS FOR REMOVAL

7. 28 U.S.C. § 1442(a)(1)—commonly referred to as the federal officer removal statute—authorizes "[t]he United States or any agency thereof" to remove a civil action "that is commenced in a State court and that is against or directed to" it. This statute also permits "any

officer (or any person acting under that officer) of the United States or of any agency thereof" to remove such an action so long as it is "for or relating to any act under color of such office." *Id.*[2]

8. The removal statute, 28 U.S.C. § 1442(a)(1), is "a broad statute that gives the federal government and its officers substantial leeway to obtain a federal forum." *Cowlitz County v. Univ. of Wash*., No. 3:19-cv-06250-RBL, 2020 WL 1890616, at *1 (W.D. Wash. Apr. 16, 2020). "The Supreme Court has cautioned that the scope of the federal officer removal statute is not narrow or limited." *Amancio v. DePerry,* 654 F. Supp. 3d 145, 150 (D. Conn. 2023) (cleaned up) (citing *Isaacson v. Dow Chemical Co*., 517 F.3d 129, 136) (2d Cir. 2008)); *Roe v. CoreCivic, Inc*., 823 F. Supp. 3d 1137, 1148 (S.D. Cal. Jan. 27, 2026) ("Courts interpret § 1442 broadly in favor of removal.") (citing *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1251 (9th Cir. 2006)); *Castillo v. Snyders,* 497 F. Supp. 3d 299, (N.D. Ill. Oct. 27, 2020) (a contractual relationship "can satisfy the requirement that a person acted under a federal officer or agency.").

9. Section 1442(a)(1) "represents a legislatively-spawned value judgment that a federal forum should be available when particular litigation implicates a cognizable federal interest." *Gov't of Puerto Rico v. Express Scripts, Inc.,* 119 F.4th 174, 185 (1st Cir. 2024) (citations omitted). That federal interest is directly implicated here because the Superior Court's order requires a non-federal custodian to disclose records and information that the IGSA and 8 C.F.R. § 236.6 place under federal control and restrict from public disclosure. And "[t]he plain language of the statute [at issue] makes clear that only ICE can release this information." *Cote v. Borders,* No. 5:11-cv-30-Oc-10TBS, 2011 WL 6004081, at *2 (M.D. Fla. Dec. 1, 2011) (requiring

[2] The Federal Courts Improvement Act of 1996, 110 Stat. 3850, amended 28 U.S.C. § 1442 "to explicitly permit removal by the United States or by a federal agency itself, in addition to removal by an officer of an agency." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (Rev. 4th ed. 2021).

ICE's consent or appearance in litigation). "The privacy concerns that [8 C.F.R. § 236.6] seeks to protect are significant." *Belbachir v. United States*, Nos. 08 C 50193, 06 C 1392, 2012 WL 5471938, at *3 (N.D. Ill. Nov. 9, 2012) (holding records would be sealed rather than redacted).

10. The Superior Court's order requiring production of ICE detainee records, which are prohibited from production by the Sheriff under 8 C.F.R. § 236.6, constitutes an order directed to the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof." 28 U.S.C. § 1442(a)(1). The records and information at issue are governed by the IGSA and 8 C.F.R. § 236.6, remain under ICE control, and are restricted from public disclosure. Thus, a "cognizable federal interest" is implicated by the Superior Court's order requiring production of ICE records.

## III. COMPLIANCE WITH REMOVAL PROCEDURE

11. The United States District Court for the District of Massachusetts embraces the location where the state court action is pending; here, Suffolk Superior Court. 28 U.S.C. §§ 1442(a), 1446(a).

12. This Notice of Removal is filed within 30 days of the United States' receipt of the Superior Court order, is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders …). 28 U.S.C. § 1446(a), (g). The United States has attached a copy of the Complaint and the Memorandum and Order, and will "file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court" within 28 days after filing this Notice of Removal. *See* Local Rule 81.1(a).

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Suffolk Superior Court (Civil), and written notice of the filing of this Notice of Removal will be provided to the parties.

WHEREFORE, the United States hereby removes the action now pending in the Suffolk Superior Court of Massachusetts to this Court and requests that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §§ 1442, 1446.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Eve A. Piemonte*

Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369
Eve.Piemonte@usdoj.gov

Dated: September 10, 2026