**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.,

Plaintiff,

v.

PLYMOUTH COUNTY SHERIFF'S DEPARTMENT,

Defendant.

No. 1:26-CV-14149-LTS

**EXPEDITED OPPOSITION REQUESTED**

**PLAINTIFF'S EXPEDITED MOTION TO STAY BRIEFING ON THE UNITED STATES OF AMERICA'S MOTION TO QUASH AND DISMISS AND TO SHORTEN TIME TO RESPOND TO THIS MOTION TO STAY**

Plaintiff American Civil Liberties Union of Massachusetts, Inc. ("ACLUM") respectfully moves the Court to stay briefing on the United States' Motion to Quash State Court Order and to Dismiss Plaintiff's Complaint (the "Motion to Quash and Dismiss") (Dkt. No. 22), pending resolution of ACLUM's Motion to Remand (Dkt. No. 12), which is fully briefed.

Although the Motion to Quash and Dismiss is procedurally improper and wrong on the merits,[1] litigating those issues before the Court decides whether to remand the action would put the cart before the horse and may unnecessarily complicate the case. "A district court has the inherent power to manage its docket by staying proceedings." *Aplix IP Holdings Corp. v. Sony*

---

[1] The United States' preemption arguments under 8 C.F.R. § 236.6, for example, were already raised by the Sheriff's Department and were extensively briefed in connection with the Sheriff's Department's Motion to Dismiss. *See* State Court Record Ex. A at 109–18 (motion to dismiss brief), Dkt. No. 9-1; *id.* at 166–75 (motion to dismiss opposition). Judge Budreau addressed those arguments in a reasoned decision denying that motion. *See generally* Notice of Removal Ex. 1-2, at 4–8, Dkt. No. 1-2.

*Comput. Ent., Inc.*, 137 F. Supp. 3d 3, 4 (D. Mass. 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Stays of briefing are appropriate where, as here, it would conserve court and party resources. *In re Trs. of Bos. Univ. Pat. Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014) (court should consider whether a stay is "likely to conserve judicial and party time, resources, and energy") (cleaned up); *see also Ramey v. Beta Bionics, Inc.*, No. 25-CV-11904-ADB, 2025 WL 3295997, at *2 (D. Mass. Nov. 26, 2025) ("Briefing on the motion [to dismiss] was stayed pending the resolution of [plaintiff]'s motion to remand[.]").

Here, a stay is warranted because resolution of ACLUM's Motion to Remand is necessary in order for the Court to determine whether the case is properly before this Court at all. *See* 28 U.S.C. § 1447(c) (remand procedures); *Enbridge Energy, LP v. Nessel*, 146 S. Ct. 1074, 1086 (2026) (unanimously affirming remand of untimely removal). If the case is not properly before this Court, then the Court would not consider the merits of the defenses asserted in the Motion to Quash and Dismiss and presumably would simply deny the government's motion as moot (particularly since the United States is not a party to this litigation, did not intervene or even submit an amicus brief or letter of interest in the case, and has not had any subpoenas or other orders directed to it). *See Weitman v. Tutor*, 588 F. Supp. 2d 133, 140 (D. Mass. 2008) (denying motion to dismiss as moot and reasoning that "[b]ecause this case will be remanded, this Court is without jurisdiction to decide the pending motions to dismiss"); *see also DaSilva v. Toyota Motor Corp.*, 474 F. Supp. 3d 448, 458–59 (D. Mass. 2020) (granting motion to remand and denying "motion to extend time for service . . . as moot because the Court lacks subject matter jurisdiction"). A stay would therefore simplify the case by temporarily relieving ACLUM of the obligation to respond to a 20-page motion that the Court may soon determine it cannot or should not decide. And at this early stage of the litigation, a stay prejudices no one: if remand is denied, briefing can resume

promptly, and ACLUM would proceed to file its opposition within fourteen days of such denial or by whatever date ordered by the Court. In the meantime, there is no order or judgment in place requiring either the Sheriff's Department or the United States to release any documents or do anything else.

ACLUM further requests that the United States be required to respond to this motion by November 19, 2026. *See* L.R. 7.1(b)(2) (requiring party opposing motion to file within fourteen days or "another period . . . by order of the court"). ACLUM's opposition to the Motion to Quash and Dismiss is currently due November 27, 2026, given the federal holiday on November 26, 2026. Thus, allowing the United States fourteen days to respond to this motion (*i.e.*, by November 30, 2026) would moot the relief sought by ACLUM.

WHEREFORE, ACLUM respectfully requests that the Court order the United States to file any opposition to this motion by November 19, 2026, and grant this motion to stay all briefing on the Motion to Quash and Dismiss pending resolution of the Motion to Remand (or, in the alternative, deny the United States' motion without prejudice to renewal if the Motion to Remand is denied). If the Court grants a stay of briefing, and the Motion to Remand is denied, ACLUM requests fourteen days from the date of that denial to respond to the Motion to Quash and Dismiss.

Respectfully submitted,

*/s/ Andrew J. O'Connor*

Andrew J. O'Connor (BBO #672960)
Neema Hakim (BBO # 709236)
ROPES & GRAY LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
T: (617) 951-7000

F: (617) 951-7050
andrew.oconnor@ropesgray.com
neema.hakim@ropesgray.com

Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO # 676612)
Mackenzie R. Saunders (BBO # 717801)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
dmcfadden@aclum.org
msaunders@aclum.org

*Counsel for the American Civil Liberties Union of Massachusetts, Inc.*

Dated: November 16, 2026

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I hereby certify that, on Friday, November 13, 2026, I conferred with counsel for the United States and the Plymouth County Sheriff's Department regarding this motion. The United States opposes the motion. The Plymouth County Sheriff's Department has not indicated its position on the motion.

Dated: November 16, 2026

*_/s/ Andrew J. O'Connor_*
Andrew J. O'Connor

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: November 16, 2026

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor